Filed 3/10/16  P. v. Hamilton CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079113 |
| Plaintiff and Respondent, | (Super. Ct. No. CM022476) |
| v. | |
| JODY LYNN HAMILTON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jody Lynn Hamilton has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In April 2005, defendant pleaded no contest to grand theft, having stolen more than $400 cash from her ailing mother. The trial court sentenced defendant to five years of felony probation and ordered her to pay, among other fines and fees, $51,299.84 in victim restitution to her mother, Juliann Panko.

In January 2015, the trial court granted defendant's motion to reduce her conviction to a misdemeanor under Penal Code section 17, subdivision (b), and dismissed the charges under Penal Code section 1203.4.

In March 2015, the People moved to amend the restitution order "so that payment is ordered to David Puchta, heir to actual victim, Juliann Panko, deceased." Defendant objected, arguing that she was also an heir and the criminal court lacked jurisdiction to determine the victim's successor. The trial court granted the People's motion and amended the restitution order as requested. Defendant appeals from that order.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

2

## DISPOSITION

The order amending the restitution order is affirmed.

                                                   _____BUTZ_____, J.

We concur:

_____HULL_____, Acting P. J.

_____DUARTE_____, J.